UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SEBAGO LAND DEVELOPERS, INC.<br><br>      Plaintiff,<br><br>      v.<br><br>CRUM & FORSTER SPECIALITY INSURANCE COMPANY<br><br>      Defendant/Counterclaimant,<br><br>      v.<br><br>SEBAGO LAND DEVELOPERS, INC.<br><br>      Counterclaim Defendant, | Civil Action No: 2:23-cv-00320-JAW |

## **PLAINTIFF SEBAGO LAND DEVELOPERS' FIRST AMENDED COMPLAINT**

Plaintiff Sebago Land Developers, Inc., by and through counsel Norman Hanson & DeTroy, LLC, complains against Defendant Crum & Forster Specialty Insurance Company as follows:

## **PARTIES**

1. Plaintiff Sebago Land Developers, Inc. ("SLD") is a corporation organized and formed under the laws of the State of Maine with a principal place of business in the Town of Raymond, County of Cumberland, State of Maine.

2. Upon information and belief, Defendant Crum & Forster Insurance Company ("Crum & Forster") is a Delaware corporation licensed and authorized to conduct business in the State of Maine with a principal place of business in Morristown, New Jersey.

3. Marcus Hilton ("Hilton") is an individual residing in the Town of Wells, County of York, State of Maine.

**JURISDICTION & VENUE**

4. Pursuant to 28 U.S.C. §§ 1332, the United States District Court for the District of Maine has jurisdiction based upon diversity of citizenship of the parties; namely, SLD is deemed a citizen of Maine and the Crum & Forster is deemed a citizen of New Jersey and Delaware, where the matter controversy in the present case exceeds the value of $75,000.

5. The United States District Court for the District of Maine is the proper venue for this action.

**FACTS OF THE CASE**

6. On or about May 24, 2023, Hilton filed a Complaint alleging negligence and premises liability against SLD. ("Underlying Tort Action").

7. Plaintiff's Exhibit A is a true and accurate copy of the Complaint, and is attached and incorporated herein.

8. In the Underlying Tort Action, Hilton alleged that he was injured in an accident on January 14, 2022.

9. In the Underlying Tort Action, Hilton alleged the following causes of action as set forth in Exhibit A:

  a. Count I: Negligence against Seth Johnson ("Johnson");

  b. Count II: Vicarious Liability against Hans Meier ("Meier");

   c. Count III: Violation of Duty of General Contractor against SLD and Meier;

   d. Count IV: Negligent Hiring, Retention, and Supervision against Meier;

   e. Count V: Negligent Hiring, Retention, and Supervision against SLD; and,

   f. Count VI: Premises Liability against SLD.

 10. At all times relevant, Crum & Forster issued a policy of insurance to SLD for the policy period encompassing January 14, 2022 ("Policy").

 11. Exhibit B is a true and accurate copy of the Crum & Forster Policy issued to SLD, and is attached and incorporated herein.

 12. Prior to June 8, 2023, Plaintiff tendered the Complaint in the Underlying Tort Action to Crum & Forster for defense and indemnification under the Policy.

 13. On or about June 8, 2023, Crum & Forster denied Plaintiff's tender of defense and indemnification.

 14. Exhibit C is a true and accurate copy of Crum & Forster's denial letter, and is attached and incorporated herein.

### **COUNT I:  DECLARATORY JUDGMENT, 14 M.R.S. § 5951 *et seq.***

 15. Plaintiffs repeat and restate the allegations contained in the previous paragraphs as if set forth in full herein.

 16.  Pursuant to 14 M.R.S. § 5954, SLD is entitled to have determined whether, under the terms of the Policy, Crum & Forster is obligated and contractually bound to provide a defense to SLD in the Underlying Tort Action.

 17. Based upon a comparison of the Complaint in the Underlying Tort Action and the terms of the Policy, there is a possibility of coverage and therefore, Crum & Forster is required to defend SLD in the Underlying Tort Action.

WHEREFORE SLD, pursuant to 14 M.R.S. §594, specifically requests that this Court declare that:

- Under the comparison test, Crum & Forster owes a duty to defend SLD in the Underlying Tort Action pursuant to the Policy.

- Crum & Forster breached its obligations under the Policy by failing to defend SLD.

- Crum & Forster's duty to defend SLD was clear based upon the Maine Law Court's decisions in *Me. Mut. Fire Ins. Co. v. Gervais*, 1998 ME 197, ¶¶ 4, 13, 715 A.2d 938 and related cases, and based upon the First Circuit's decision, applying Maine law, in *Auto Europe, LLC v. Connecticut Indem. Co.*, 321 F.3d 60, 68-69 (1st Cir. 2003).

### COUNT II:  BREACH OF CONTRACT

18. Plaintiff repeats and restates the allegations contained in the previous paragraphs as if set forth in full herein.

19. At all times relevant, a contract of insurance existed between SLD and Crum & Forster in the form of the Policy.

20. A comparison of the Complaint in the Underlying Tort Action with the terms of the Policy reveals a possibility of insurance coverage for SLD under Policy.

21. Because the duty to defend was clear in the present case, SLD is entitled to attorneys' fees and costs based upon the Maine Law Court's decisions in *Me. Mut. Fire Ins. Co. v. Gervais*, 1998 ME 197, ¶¶ 4, 13, 715 A.2d 938 and related cases, and based upon the First Circuit's decision, applying Maine law, in *Auto Europe, LLC v. Connecticut Indem. Co.*, 321 F.3d 60, 68 (1st Cir. 2003).

22. Crum & Forster breached the contract by refusing to defend SLD in the Underlying Tort Action.

23. SLD has incurred damages, including, but not limited to attorneys' fees and costs in the present action and in the Underlying Tort Action, and will continue to incur damages as a result of Crum & Forster's wrongful refusal to defend SLD.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Crum & Forster for breach of contract, plus attorney's fees, costs and interest.

### COUNT III: VIOLATION OF UNFAIR CLAIMS PRACTICES ACT, 24-A M.R.S. § 2436-A

24. Plaintiff repeats and restates the allegations contained in the previous paragraphs as if set forth in full herein.

25. In violation of 24-A M.R.S. § 2436-A(1)(A), Crum & Forster knowingly misrepresented to an insured, namely, SLD, pertinent facts and pertinent policy provisions relating to coverage at issue, including, but not limited to the following facts and pertinent policy provisions:

   a. That Crum & Forster compared the allegations in the Complaint in the Underlying Tort Action to the provisions of the Policy to determine whether there was any possibility of coverage under the Policy;

   b. That Crum & Forster followed Maine law in comparing the allegations in the Complaint in the Underlying Tort Action to the provisions of the Policy;

   c. That Crum & Forster followed Maine law in determining whether a duty to defend existed under the Policy.

   d. That, under Maine law, there was no duty to defend under the Policy.

26. As a result of Crum & Forster's violation of 24-A M.R.S. § 2436-A(1)(A), SLD, as the insured of Crum & Forster was injured and damaged, and is entitled to recover damages, with

costs and disbursements, reasonable attorney's fees and interest on damages at the rate of 1 1/2% per month.

Dated at Portland, Maine this 14th day of September, 2023.

/s/ Thomas S. Marjerison

_____
Thomas S. Marjerison ~ Bar No. 7836
Attorney for Plaintiff / Counterclaim Defendant

Norman, Hanson, & DeTroy, LLC
Two Canal Plaza
P.O. Box 4600
Portland, ME 04112
(207) 774-7000
tmarjerison@nhdlaw.com
MarjerisonService@nhdlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed Plaintiff/Counterclaim Defendant Sebago Land Developers, Inc.'s First Amended Complaint using the CM/ECF system which will send notification of such filings(s) to all counsel of record.

Dated at Portland, Maine this 14th day of September 2023.

/s/ Thomas S. Marjerison

_____
Thomas S. Marjerison ~ Bar No. 7836
Attorney for Plaintiff / Counterclaim Defendant

Norman, Hanson, & DeTroy, LLC
Two Canal Plaza
P.O. Box 4600
Portland, ME 04112
(207) 774-7000
tmarjerison@nhdlaw.com
MarjerisonService@nhdlaw.com